**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4564**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BROCK MICHAEL ROWE,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00303-NCT-27)

Submitted:  September 30, 2020              Decided:  October 7, 2020

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brock Michael Rowe pled guilty to conspiracy to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and the district court sentenced him to the mandatory minimum term of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the Government produced sufficient evidence to link Rowe to a single conspiracy or to find him responsible for 500 grams of methamphetamine. Because Rowe pled guilty, we interpret this as a challenge to the sufficiency of the factual basis supporting Rowe's plea. *See* Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). Although advised of his right to file a supplemental pro se brief, Rowe has not done so. The Government declined to file a response brief. We affirm.

Because Rowe did not seek to withdraw his guilty plea in the district court, we review the sufficiency of the factual basis for plain error. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that,

2

but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

A factual basis is sufficient under Rule 11 if "it establishes the elements of the offense," even if it only contains "a bare recitation of the facts." *McCoy*, 895 F.3d at 365. The elements of the offense of conspiracy to distribute a controlled substance are: "(1) an agreement to distribute [the controlled substance] . . . existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Hackley*, 662 F.3d 671, 678 (4th Cir. 2011) (internal quotation marks omitted).

"A single conspiracy exists when the conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product." *United States v. Johnson*, 54 F.3d 1150, 1154 (4th Cir. 1995) (brackets and internal quotation marks omitted). "[O]nce a conspiracy has been proved, the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013) (internal quotation marks omitted).

Here, the factual basis established the existence of a widespread conspiracy to bring methamphetamine into North Carolina from a number of other states, including Georgia. Rowe not only participated in bringing a substantial quantity of methamphetamine from Georgia into North Carolina over a short period of time, he also collaborated with at least one other known member of the conspiracy in doing so. The fact that Rowe only participated in the conspiracy for a short time and may not have known its full scope or all

3

of its members does not invalidate his participation. *See id.* ("[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." (internal quotation marks omitted)). Thus, the district court did not plainly err in finding the factual basis sufficient to support Rowe's conviction for conspiracy to distribute methamphetamine.

Counsel also argues that the factual basis did not support Rowe's acceptance of responsibility for at least 500 grams of methamphetamine. This argument is meritless. According to the factual basis, Rowe admitted in a recorded interview that he, in concert with others, procured a total of at least 18.87 ounces, or 535 grams, of methamphetamine on his trips to Georgia. This is plainly sufficient to establish that Rowe was responsible for at least 500 grams of methamphetamine. *See McCoy*, 895 F.3d at 365. We therefore conclude that Rowe's guilty plea is supported by a sufficient factual basis.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Rowe, in writing, of the right to petition the Supreme Court of the United States for further review. If Rowe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rowe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*